UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J & J SPORTS PRODUCTION, INC. | CIVIL ACTION |
| VERSUS | NO. 18-4406 |
| THETA BETA SIGMA CHAPTER OF PHI BETA SIGMA FRATERNITY, INC., ET AL. | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is a motion for a more definite statement filed by Defendants William Harris, Dimitri Ashmore, Theta Beta Sigma Chapter of Phi Beta Sigma Fraternity, and the Theta Beta Programs and Housing Foundation. R. Doc. 8. Plaintiff J & J Sports Production, Inc., opposes the motion. R. Doc. 10. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

####   I.   BACKGROUND

Plaintiff J & J Sports Production, Inc. ("J&J"), a distributor of closed circuit pay-per view boxing and special events, brings this action under The Cable & Television Consumer Protection and Competition Act, claiming that Defendants violated J&J's rights as the exclusive commercial domestic distributor of a televised fight ("Program"). R. Doc. 1 at 2. Defendants include a fraternity chapter, Theta Beta Sigma Chapter of Phi Beta Sigma Fraternity ("Theta Beta"); a legal entity formed to further its missions and purpose, the Theta Beta Programs and Housing Foundation; and two of its officers, William Harris and Dimitri Ashmore. R. Doc. 1 at 4-6. Plaintiff alleges that Defendants unlawfully intercepted and broadcast Plaintiff's Program as part of a Theta Beta fundraising event. R. Doc. 1 at 6.

## II. PRESENT MOTION

Defendants have filed a motion for a more definite statement. R. Doc. 8. Plaintiff alleges violations of separate sets of federal laws – 47 U.S.C. § 605; 18 U.S.C. § 2511 in conjunction with § 2520; and 47 U.S.C. § 553 – and Plaintiff acknowledges that some federal courts have allowed recovery under only one set of those laws. R. Doc. 1 at 18. To the extent the Court should find a violation of one or the other statutes or that Plaintiff may only recover one set of damages, Plaintiff's complaint states that the claims "should be considered as alternative claims." R. Doc. 1 at 19.

Because these laws have different statutes of limitations, Defendants claim they cannot reasonably prepare a response and ask this Court to order Plaintiff to specify the appropriate federal statute. R. Doc. 8-1 at 4. Specifically, Defendants contend that the statute of limitations for an action under § 2511 is two years – and since Plaintiff's Program aired on May 2, 2015, Defendants argue they "should not be forced to defend claims" that are time barred. R. Doc. 8-1 at 2.

## III. LAW & ANALYSIS

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In light of the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a), Rule 12(e) motions are disfavored, and are generally only granted when a complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013). A motion for a more definite statement may be appropriate, however, if "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514.

Here, Plaintiff's complaint is not so "vague and ambiguous" that Defendants cannot reasonably formulate a response. All that is required under Rule 8 is a "short and plain statement of the claim showing the pleader is entitled to relief," and a pleading "may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The allegations in Plaintiff's complaint meet that requirement, give fair notice to Defendants, and are sufficiently specific to allow Defendants to frame a responsive pleading. In fact, Defendants' own motion demonstrates their understanding of the claims asserted the facts underlying them. Moreover, "any attempt to use Rule 12(e) … to tie the pleader down to a particular legal theory of the case [is to be] rejected as contrary to the philosophy of the federal rules." *Oil Mop LLC v. Summit Envtl. Servs, LLC*, No. 11-89, 2011 WL 2601006, at *5 (E.D. La. June 30, 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377).

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for a more definite statement, R. Doc. 8, is **DENIED**.

New Orleans, Louisiana, this 5th day of July, 2018.

                                                                                                     _____
                                                                                                     **ELDON E. FALLON**
                                                                                                     United States District Judge