# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 18-4406 |
| THETA BETA SIGMA CHAPTER OF PHI BETA SIGMA FRATERNITY, INC., ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Defendants Zeta Phi Beta Sorority, Incorporated Alpha Gamma Zeta Chapter; Alpha Gamma Zeta Foundation; and Mary Carter. R. Doc. 7. Plaintiff J & J Sports Productions, Inc. opposes. R. Doc. 11. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.  BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("J&J"), a distributor of closed circuit pay-per view boxing and special events, brings this action under The Cable & Television Consumer Protection and Competition Act, claiming that Defendants violated J&J's rights as the exclusive commercial domestic distributor of a televised fight ("Program"). Defendants include a sorority chapter, Zeta Phi Beta Sorority, Incorporated Alpha Gamma Zeta Chapter ("Zeta"); a legal entity formed to further its mission and purpose, the Alpha Gamma Zeta Foundation ("A Foundation") and its President, Mary Carter ("Carter"); a fraternity chapter, Theta Beta Sigma Chapter of Phi Beta Sigma Fraternity, Incorporated ("Theta Beta"); the Theta Beta Sigma Programs and Housing Foundation; and two of its officers, William Harris and Dimitri Ashmore.

1

Plaintiff alleges that Defendants unlawfully intercepted and broadcast Plaintiff's Program as part of a sorority and fraternity fundraising event at a venue owned by Bleu Diamond Event Hall, LLC ("Bleu Diamond"). Plaintiff claims that Defendants compensated Bleu Diamond, advertised and sold tickets to the Program, and had the right and ability to supervise the business and activities of the venue on the date of the fundraiser – including the unlawful interception and broadcast of the Program. R. Doc. 1 at 9.

## II. PRESENT MOTION

Defendants Zeta, A Foundation, and Carter filed a motion to dismiss for failure to state a claim. R. Doc. 7. Defendants argue that Plaintiff has offered conclusory allegations that, in light of an attached affidavit of Defendant Carter, should not be assumed true. R. Doc. 7-2 at 3. In the affidavit, Carter asserts that the 12(b)(6) Defendants were not involved with the showing of Plaintiff's Program and did not have a legal or business interest in the premises. R. Doc. 7-1 at 2.

Plaintiff objects to Defendants' attempt to use extrinsic evidence and contends that, in any event, the complaint states a claim against Defendants. R. Doc. 11-1 at 3, 7.

## III. LAW & ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district

2

court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Generally, when evaluating a motion to dismiss under Rule 12(b)(6), the court should not look past the pleadings. But a district court may, in its discretion, treat a motion to dismiss as a motion for summary judgment and consider material outside the pleadings. "When a party bases a motion to dismiss on matters outside the pleadings, the court has discretion either to accept the extraneous material and convert the motion to dismiss into a motion for summary judgment, or to decide the motion, as defendant styled it, under the principles of Rule 12(b)(6)." *McDonald v. Kansas City S. Ry. Co.*, 16-15975, 2017 WL 1709353, at *2 (E.D. La. May 3, 2017).

Here, Defendants ask the Court to consider an attached affidavit of Carter purporting to refute allegations of Defendants' participation in or benefit from the unlawful broadcast of Plaintiff's program. R. Doc. 7-2 at 3. The Court, in its discretion, declines to convert Defendants' motion into a motion for summary judgment. This litigation is in its early stages and discovery has not yet begun. Because a motion for summary judgment is premature at this time, the Court excludes the extraneous evidence and considers Defendants' motion as a motion to dismiss strictly on the pleadings.

Plaintiff sued Defendants under (1) 47 U.S.C. § 605, which prohibits intercepting and publishing radio communication; (2) 18 U.S.C. § 2511, which prohibits intentional interception of any wire, oral, or electronic communication, in connection with § 2520, which creates a private

right of action; and (3) 47 U.S.C. § 553, which prohibits unauthorized interception or reception of any communications service offered over a cable system. Plaintiff further alleges that Defendants willfully and intentionally intercepted the Program for the purpose of commercial advantage or private financial gain, warranting enhanced statutory damages. R. Doc. 1 at 14-17.

Plaintiff has alleged sufficient facts to support its claim that Defendants violated its right as the exclusive commercial domestic distributor of the Program. J&J alleges (i) it was granted exclusive nationwide commercial distribution and broadcast rights to the Program; (ii) Defendants were not granted rights related to the Program; and (iii) Defendants unlawfully intercepted and broadcast the Program at a sorority and fraternity fundraising event. R. Doc. 1 at 15-16. J&J describes specific steps taken by Defendants concerning the advertising and ticket sales of the Program, alleges that Defendants had the ability to control, supervise, and administer the decision to broadcast the Program, and alleges that Defendants obtained a financial gain (Zeta's continued existence) as a result of the fundraiser. R. Doc. 1 at 6-12.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, R. Doc. 7, is hereby **DENIED.**

New Orleans, Louisiana, this 18th day of July, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE